FILED
United States Court of Appeals
Tenth Circuit

August 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY WAYNE SMITH,

        Plaintiff-Appellant,

v.

DAVID R. MCKUNE, Warden;
JOHN R. COOLING; ROBERT
ARNOLD; T. ROGERS; BILL
CUMMINGS; CHARLES SIMMONS;
KANSAS DEPARTMENT OF
CORRECTIONS; LISA MEYRICK;
JANE DOES; JOHN DOES,

        Defendants-Appellees.

No. 08-3253
(D.C. No. 5:05-CV-03447-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Plaintiff-appellant Jerry Wayne Smith appeals pro se from an

August 20, 2008, order of the district court dismissing with prejudice his pro se

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil rights lawsuit against various Kansas prison officials as a Fed. R. Civ. P. 37

sanction for, among other things, twice failing to appear for a scheduled

deposition.[1] He also appeals from a January 17, 2008, order of the district court

dismissing defendant Kansas Department of Corrections (KDOC), upon finding

the KDOC a state agency entitled to Eleventh Amendment immunity.

As accurately set forth in the district court's August 2008 order,

> The long and tortured history of this case is reflected in the court file, which now spans three volumes. . . .  Plaintiff failed to appear on May 20, 2008 for his deposition, which prompted defendants' second motion to impose sanctions.  By order of July 18, 2008, the court reluctantly granted plaintiff's motion for additional time to respond to defendants' motion to impose sanctions and, in addition, directed that defendants re-notice plaintiff's deposition to be taken at the U.S. Courthouse in Wichita, Kansas.  The order expressly stated "If plaintiff fails to appear for and fully participate in his deposition on the date and time noticed, this case will be dismissed, with prejudice." (Doc. 163).  By letter of July 29, 2008, plaintiff acknowledged receipt of the court's July 18 order and claimed that he was hospitalized.  (Doc. 165).  Plaintiff's deposition was noticed for August 18 at 9:30 a.m.  On August 8, plaintiff left a voice mail with defendants' counsel stating that he would appear for his deposition but as of noon, August 18, plaintiff had not appeared and had not been in contact with defendants' counsel.  (Doc. 166).

R. Doc. 167 at 1-2.  The court acknowledged its familiarity with plaintiff's claims

of illness and "other excuses such as equipment failure," which it said it

---

[1]     Rule 37(d)(1)(A)(i) authorizes a district court to impose sanctions if a party fails to appear for his deposition after being served with proper notice.  Sanctions for failure to appear "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)," Fed. R. Civ. P. 37(d)(3), which includes dismissing the action in whole, Fed. R. Civ. P. 37(b)(2)(A)(v).

"accepted . . . albeit with reservation and skepticism because plaintiff's problems, whether real, manufactured or imagined, have not prevented him from filling the file with prolix pleadings, submissions, correspondence and exhibits." *Id.*, Doc. 167 at 3. The court also found that "[a]fter almost three years, it is apparent that plaintiff, for whatever reason, will not follow the rules unless they suit his schedule and his one-sided view regarding how the case should proceed." *Id.* As such, the court applied the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), found the equities weighed in defendants' favor, and dismissed plaintiff's lawsuit with prejudice. This appeal followed.

Our jurisdiction arises under 28 U.S.C. § 1291. We review the imposition of a Rule 37 sanction for an abuse of discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Ehrenhaus*, 965 F.2d at 920. Because "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), it is "appropriate only in cases of willful misconduct," *Ehrenhaus*, 965 F.2d at 920. Thus, before dismissing a case under Rule 37, the district court

> should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 921 (citations and quotation omitted). Further, when a party appears pro se, "the court should carefully assess whether it might . . . impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* at 920 n.3. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 921 (quotation omitted).

Mindful that plaintiff is proceeding pro se, we liberally construe his appellate brief. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). He contends the district court abused its discretion by dismissing his case with prejudice because he suffers from serious mental illnesses, including major depression and post traumatic stress disorder, and that his hospitalization for these illnesses prevented him from attending his August 18 deposition. He claims the district court was wrong to characterize his illnesses as "real, manufactured or imagined," because medical documentation demonstrates that he suffers from severe disorders. Likewise, he takes issue with the court's characterization of his printer's failure as an "excuse," apparently because he views such a failure as commonplace. In answer to the district court's finding that he does not follow the rules, he asserts that he "has followed the rules to the extent it is humanly possible on [his] part." Aplt. Br. at 22.

Defendants counter that the district court did not abuse its discretion in dismissing plaintiff's case with prejudice because it properly considered the applicable *Ehrenhaus* factors, and its findings are supported by competent evidence.

The district court found the following with regard to the *Ehrenhaus* factors:

> [D]efendants have been prejudiced by plaintiff's persistent failure to prosecute this case in an orderly and timely fashion and to comply with orders of this court. Defendants will continue to be prejudiced by plaintiff's conduct. Plaintiff has not merely interfered with the judicial process; he has continually obstructed and manipulated it and there is no reason to believe that his conduct will cease. Plaintiff is fully culpable for the failure of this case to move forward. The court previously has warned plaintiff regarding dismissal. (Doc. 55). Finally, lesser sanctions are not just lacking in efficacy. Monetary sanctions are meaningless to a plaintiff who has been allowed to proceed in forma pauperis and the sanctions set out in Fed. R. Civ. P. 37 will not substitute for plaintiff's failure to appear–twice–for his deposition.

R. Doc. 167 at 3-4.

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we agree with the district court's decision to grant defendants' motions for sanctions and dismiss plaintiff's case with prejudice. *See Ehrenhaus*, 965 F.2d at 918 ("It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice.").

Plaintiff next contends that the district court erroneously dismissed defendant KDOC on Eleventh Amendment grounds. Having conducted a de novo

review of that determination, *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (noting that "Eleventh Amendment immunity is a question of federal law and our review is de novo"), we conclude that plaintiff has not identified any reversible error in the district court's decision.

Finally, plaintiff contends that the district court erred by not ruling on his request for appointment of counsel. We see no merit in this contention.[2]

We AFFIRM the challenged decisions for substantially the same reasons as stated in the orders dated August 20, 2008, and January 17, 2008. Plaintiff's motion to proceed without prepayment of costs or fees is GRANTED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[2] Plaintiff's notice of appeal identifies two other orders of the district court that he claims to be appealing, one dated October 10, 2007, and another dated July 18, 2008. But because his opening brief contains no argument regarding these orders (even though it mentions them) we deem waived any challenge he may have brought. *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) (observing that "even issues designated for review are lost if they are not actually argued in the party's brief").